241 F.3d 260 (2nd Cir. 2001)
 WARREN GOINS, Plaintiff-Appellant,
v.
JOAN DECARO, Senior Suffolk County Supreme Court Reporter, Defendant-Appellee.
TYRONE HOUSTON, Plaintiff-Appellant,
v.
GLENN S. GOORD, individually and as the Commissioner of the New York State Department of Correctional Services, ET AL., Defendants-Appellees.
 Docket Nos. 00-0121, 00-0129
August Term 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Submitted: January 17, 2001
Decided: February 26, 2001
 
 Motions by prisoners in unrelated appeals, both of which have been withdrawn, for return of filing fees partially paid and cancellation of indebtedness for balance of unpaid filing fees.
 Motions denied.
 Warren Goins, pro se, Bare Hill Correctional Facility, Malone, N.Y.
 Tyrone Houston, pro se, Mid-State Correctional Facility, Marcy, N.Y.
 Before: VAN GRAAFEILAND, NEWMAN, and LEVAL, Circuit Judges.
 JON O. NEWMAN, Circuit Judge.
 
 
 1
 The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners who cannot afford appellate filing fees to make a partial payment of the fees and obligate themselves to pay the balance in installments. See 28 U.S.C.A. § 1915(b) (West Supp. 2000). The pending motions present the issue of whether a prisoner who complies with the PLRA and then withdraws his appeal may obtain a refund of his partial payment and a cancellation of his obligation to pay the balance. The issue arises on unrelated motions filed by Warren Goins and Tyrone Houston, both incarcerated prisoners proceeding pro se and in forma pauperis. We conclude that both the return of partial fee payments and the cancellation of remaining fee obligations are inconsistent with Congress's objectives in enacting the PLRA, and we therefore deny the motions.
 
 Background
 
 2
 The statutory scheme. The PLRA amended 28 U.S.C. § 1915 to require a prisoner filing an appeal in forma pauperis to pay the full amount of the required fee. See Leonard v. Lacy, 88 F.3d 181, 182-84 (2d Cir. 1996). The fee consists of a $5.00 filing fee and a $100.00 docketing fee. See id. at 185. Unless the full fee is paid at the time of filing, a partial payment must be assessed (and collected from any available funds), and remaining installments are collected monthly. See 28 U.S.C.A. § 1915(b). This Circuit has implemented the PLRA by requiring prisoners filing appeals without prepayment of the appellate fee to file a prescribed form authorizing prison authorities to deduct from their prison trust fund accounts (or institutional equivalents) the initial partial payment and all subsequent payments required by the Act. See Leonard, 88 F.3d at 186-87 & n.3. If a prisoner files an appeal (to which the PLRA applies) without prepayment of the filing fee, the Clerk notifies the prisoner either to pay the fee or execute and submit the form authorizing payment from the prison account.
 
 
 3
 Goins's appeal. Goins initially sought to appeal the dismissal of his suit filed under 42 U.S.C. § 1983 (1994). Upon receiving the customary notice from the Clerk of this Court concerning the appellate filing fee, Goins signed and submitted the required form authorizing deduction of fee installments from his prison account. The properly executed form was received on May 1, 2000. Goins moved to withdraw his appeal on July 24, and that motion was granted on August 11. On September 7, he filed the pending motion to refund the portion of the appellate fees already deducted from his prison account and to cancel his indebtedness for the remaining balance of unpaid fees.
 
 
 4
 Houston's appeal. Houston also initially sought to appeal the dismissal of his suit filed under 42 U.S.C. § 1983. He too has filed the required form authorizing deduction of appellate fees from his prison account. His form was received on May 18, 2000. Thereafter, Houston and the defendants in his case filed a stipulation in the District Court reflecting a settlement of Houston's claim on condition that the Appellees pay him $1,000. On June 12, 2000, Houston and the Appellees filed in this Court a stipulation to dismiss the appeal "without costs to either party as against the other." On June 21, the stipulation was approved and the appeal was withdrawn. On October 3, Houston filed the pending motion to return the appellate fees already deducted from his prison account and to cancel his indebtedness for the remaining balance of unpaid fees.
 
 Discussion
 
 5
 The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn. That is not surprising, since a Congressional objective in enacting the PLRA was to "mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." Leonard, 88 F.3d at 185 (citing legislative history). Moreover, fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals, and nothing in the PLRA suggests that Congress, after making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others.
 
 
 6
 As to the portion of a prisoner's fee already paid by debiting his prison account by the time the appeal is withdrawn, a refund claim is not only unauthorized, but also encounters the barrier of sovereign immunity, since the debited funds have become the property of the United States. See 28 U.S.C. §§ 711(c), 751(e) (1994) (requiring clerks of courts of appeals and district courts to pay all fees "into the Treasury"). As for the portion of the fee not yet debited (but agreed to be debited in future installments), authorization for cancellation is also lacking, but we acknowledge that the issue is closer. It is arguable that courts should encourage prisoners to withdraw appeals as soon as they realize that pursuing them would be futile and that a cancellation of undebited fee installments provides some incentive to spare courts the time to complete the processing of meritless appeals. On the other hand, refusing to cancel liability for such installments serves the equally salutary purpose of obliging prisoners to pause before deciding whether to file their appeals, thereby sparing courts the need to waste time with even the preliminary processing of some meritless appeals that are never filed. See In re Epps, 888 F.2d 964, 968 (2d Cir. 1989) ("[P]risoners should be made to 'think twice--by monetary exactions well within their ability, limited as it is,' before filing a suit.") (quoting Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir. 1987)); see also Covino v. Reopel, 89 F.3d 105, 107 (2d Cir. 1996) ("Even though a prisoner has filed a notice of appeal, he has no obligation to pursue it, and once confronted with the prospect of liability for filing fees, he may choose either to accept that liability or withdraw his appeal.").
 
 
 7
 We cannot be certain which approach will be more effective in the long run, but we are confident that we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals. See Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("[T]he filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."); McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) ("[B]y filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment...."). Goins motion must therefore be denied.
 
 
 8
 Houston's motion arguably stands on a slightly better footing, since he is not seeking to cancel his remaining indebtedness after merely changing his mind about pursuing his appeal; he stipulated to dismiss his appeal after settling his controversy for a payment to him of $1,000. Although his claim to return or cancel fees is somewhat more deserving than that of Goins, it fails not only because it is not authorized by the PLRA but because he had an opportunity, explicitly contemplated by Rule 42(b) of the Federal Rules of Appellate Procedure, to negotiate recovery of fees from his adversary litigants. Rule 42(b) authorizes dismissal of a docketed appeal "if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due." Thus, at the time Houston settled with his adversary, he was free to attempt to negotiate not only a compensatory payment but also a reimbursement for some or all of his filing fee obligation, an expense that would have been recoverable from his adversary as taxable costs if he had prevailed. See Fed. R. App. P. 39(e) (authorizing appellate filing fee to be taxed as costs). Instead, he expressly stipulated for dismissal of the appeal "without costs to either party as against the other."
 
 
 9
 Finally, we note that both movants were on notice that there would be neither a refund of partial payments nor a cancellation of remaining fee obligations. Their authorization form expressly stated, "I also understand that these fees will be debited from my account regardless of the outcome of my appeal." Leonard, 88 F.3d at 187 n.3.
 
 Conclusion
 
 10
 The motions are denied.