

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# Thomas Telfair v. Karen Tandy

Precedential or Non-Precedential: Precedential

Docket No. 08-4663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thomas Telfair v. Karen Tandy" (2009). *2009 Decisions.* Paper 1438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-3859, 08-4663, 09-1162
_____

DANA M. PORTER

v.

DEPT. OF THE TREASURY

*MICHAEL BUESGENS
                    Appellant in No. 07-3859
*(Pursuant to Rule 12(a), F.R.A.P.)

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-01541)
District Judge:  Honorable Bruce W. Kauffman

_____

TOMMIE H. TELFAIR,
                    Appellant in No. 08-4663

v.

KAREN P. TANDY, Administrator-Drug Enforcement

Administration; GERARD P. MCALEER, Director/Senior Officer-DEA: Newark; 1-50 UNKNOWN DEA AGENTS; 1-50 UNKNOWN FEDERAL AGENTS; RAY MCCARTHY, Chief of Police, Newark; MURAD MUHAMMED, Roberty-Homicide, OIC Newark Police; 1-50 UNKNOWN POLICE OFFICERS; PAUL W. BERGRIN, Private Attorney-District of New Jersey; CHRISTOPHER CHRISTY, AUSA-District of New Jersey

---

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-0731)
District Judge:  Honorable William J. Martini

---

JEWEL POWELL; WINSTON POWELL a/k/a TOMMY POWELL, et. al.

v.

VIOLET O. MAHABIR; LORING W. SEWER; MARILYN E. WOODLEY; IRVIN A. SEWER; EARL A. SEWER; WARREN A. SEWER; LUCINDA C. ANTHONY; JUDITH O. CALLWOOD; LORREL A. SEWER,
                              Appellants in No. 09-1162

_____

On Appeal from the United States District Court
for the District of the Virgin Islands
(D.C. Civil Action No. 05-cv-00083)

District Judge: Honorable Raymond J. Finch

_____

Submitted Pursuant to Third Circuit LAR 27 and I.O.P. 10

Before: McKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>
(Filed: April 16, 2009)


Susan R. Becker, Esq.
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee Department of Treasury*

Jeffrey B. Moorehead, Esq.
1132 King Street
Christiansted, VI 00820
    *Counsel for Appellees Jewell Powell and Winston*
    *Powell, a/k/a/ Tommy Powell*

Susan B. Moorehead, Esq.
Henry C. Smock, Esq.
No. 11A Norre Gade
P.O. Box 1498
St. Thomas, VI 00804
    *Counsel for Appellants Violet O. Mahabir, Loring W.*
    *Sewer, Marilyn E. Woodley, Irvin A. Sewer, Earl A.*
    *Sewer, Warren A. Sewer, Lucinda C. Anthony, Judith*
    *O. Callwood and Lorrel A. Sewer*

Michael Buesgens
Dana M. Porter
Thomas Telfair
    *Proceeding Pro Se*

OPINION

SMITH, *Circuit Judge*.

We have consolidated for decision three cases that present questions regarding payment of the fees required by Federal Rule of Appellate Procedure 3(e) for initiating an appeal in this Court. Two of the cases involve appellants seeking the return of their filing and docketing fees upon the voluntary dismissal of their appeals. The third case concerns an appellant who seeks a waiver of the filing and docketing fees under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b).

I.

*Porter v. Dep't of the Treasury*, C.A. No. 07-3859. In April 2007, Dana Porter, a former employee of the Internal Revenue Service ("IRS") in Philadelphia, Pennsylvania, filed an employment discrimination lawsuit against the Department of the Treasury. Appellant Michael Buesgens, a Texas resident and former employee of the IRS's Austin, Texas division, moved to intervene in and join Porter's case, alleging that the IRS had discriminated against him due to a disability. The District Court denied these motions as well as those that Buesgens subsequently filed. Buesgens appealed from the District Court's orders; however, he now seeks to dismiss his appeal pursuant to Federal Rule of Appellate Procedure 42(b). He also requests a refund of the $455 filing and docketing fees that he paid.

*Powell, et al. v. Mahabir, et al.*, C.A. No. 09-1162. Jewel and Winston Powell appealed from a judgment of the Superior Court of the Virgin Islands to the Appellate Division of the District Court of the Virgin Islands. *See* 48 U.S.C. § 1613a (providing the Appellate Division of the District Court with jurisdiction to review final orders of the Superior Court of the Virgin Islands). The order in question held that the defendants (Violet Mahabir and others, hereinafter "Mahabir appellants") had proved their ownership of certain real property by adverse possession. On December 9, 2008, the District Court remanded the case to the Superior Court for further proceedings.

On January 26, 2009, through counsel, the Mahabir appellants appealed from the District Court's order and paid the $455 filing and docketing fees. Soon thereafter, the Clerk of this Court advised the parties that the appeal was subject to dismissal because it appeared that the District Court's order was not final or otherwise appealable at this time. The Mahabir appellants now ask us to dismiss their appeal under Rule 42(b) and refund their payment of the filing and docketing fees. The Mahabir appellants explain that they filed their appeal in an "abundance of caution," but that, "after reviewing pertinent judicial precedents," they became aware that the order was not a final decision and now wish to withdraw their appeal "to conserve judicial resources."

*Telfair v. Tandy*, C.A. No. 08-4663. In January 2008, federal prisoner Tommie Telfair filed in the United States District Court for the District of New Jersey an action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that his constitutional rights were violated. The District Court denied Telfair's first

5

motion to proceed *in forma pauperis* ("IFP") and administratively closed his case. In March 2008, Telfair submitted a second IFP application with an amended complaint. He paid the full filing fee in April 2008. The District Court granted his IFP application, directed the Clerk to reopen the case, and reviewed the case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. By order entered October 21, 2008, the District Court dismissed the action in part and directed that the complaint be served upon the remaining defendants.

Telfair has appealed from that order. The Clerk has advised him that we may lack jurisdiction over the appeal under Federal Rule of Civil Procedure 54(b). Telfair now requests a waiver of the $455 filing and docketing fees based on his lack of funds and his belief that he only had to pay a fee to commence the action in the District Court and that no separate fee was required for this appeal. Telfair has not filed the affidavit and other forms that are required to proceed IFP on appeal.

II.

The courts of appeal are authorized to charge fees by 28 U.S.C. § 1913. The amounts of such fees are determined by the Judicial Conference of the United States and set forth in the Miscellaneous Fee Schedule which follows § 1913. Item one of the schedule prescribes a fee of $450 "for docketing a case on appeal or review or docketing any other proceeding." An additional fee of $5 is charged by the district court "upon the filing of any . . . notice of appeal . . . ." 28 U.S.C. § 1917. Accordingly, the fee for docketing an appeal is $455, which is paid to the district court. As the name implies, the fee is for

6

docketing, or opening, the case. *See* FED. R. APP. P. 3(e) (An appellant "must pay the district clerk all required fees" upon filing a notice of appeal.). In addition to covering some of the costs associated with opening a case, these fixed fees also serve to deter the filing of frivolous appeals and unnecessary "protective" appeals. *See In re Anderson*, 511 U.S. 364, 365-66 (1994) (noting that "filing fees and attorney's fees . . . deter . . . litigants from filing frivolous petitions") (internal citation omitted); *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996) (stating that Congress's objective in enacting the PLRA was to "mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees"). In light of the purposes behind these fees, it is not surprising that the Federal Rules of Appellate Procedure include no provision for their return.

We are not the first court to be confronted with requests to return fees upon the voluntary dismissal of an appeal. At least two of our sister circuits have published opinions addressing the issue, and both have determined that voluntary dismissal does not entitle the appellant to a refund of the filing and docketing fees. *See Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997) (Fees are "assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."); *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) ("[F]ee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals."). *See also Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996) (*overruled on other grounds* by *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)) ("A solvent litigant must pay the filing and docketing fees for the privilege of initiating an appeal; dismissal on jurisdictional grounds does not lead the court to

7

refund the appellant's money."). We conclude likewise. It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits—appellants are not entitled to the return of their filing and docketing fees.

Porter, who proceeds pro se, and the Mahabir appellants, who are represented by counsel, have moved to voluntarily dismiss their appeals under Federal Rule of Appellate Procedure 42(b). Upon the filing of their appeals, they paid the required filing and docketing fees and did not claim indigence. Their belief that voluntary dismissal of their appeals entitles them to the return of the filing and docketing fees betrays their fundamental misunderstanding of the aforementioned purposes of the fees. Accordingly, while we will grant Mahabir's and Porter's motions to withdraw their appeals,[1] we will deny their requests for return of the filing and docketing fees they have paid.[2]

---

[1] There is no reason to deny the motions to dismiss the appeals, as the appellees will not be burdened by the dismissal of these appeals. *See In re Penn Cent. Transp. Co.*, 630 F.2d 183, 189-90 (3d Cir. 1980) (explaining standard for granting motions for voluntary dismissal); FED. R. APP. P. 42(b).

[2] The Mahabir appellants indicate that, in addition to requesting the return of their fees, they are withdrawing their appeal to conserve judicial resources. This expression of altruism aside, their withdrawal of the appeal at this stage does not conserve judicial resources. As explained above, court resources to which the fees are directed, *i.e.*, opening the case, have already been expended. We have also already expended additional court resources to screen the appeal and to notify the parties that we may not have jurisdiction to review the District

8

Appellant Telfair does not request the return of fees he has paid; rather, he asks us to waive his not-yet-paid fees, claiming that he cannot afford to pay them and that he believed that he was only required to pay a fee to initiate his case in the District Court. In civil cases, we have the authority to waive the prepayment of filing fees if the appellant is indigent and the PLRA does not apply. 28 U.S.C. § 1915(a).[3] Telfair is a prisoner whose appeal is governed by the PLRA. 28 U.S.C. § 1915(b). Although a prisoner may obtain IFP status under the PLRA, this does not result in a waiver of the fees—it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account. *Id.* Thus, even if Telfair obtains IFP status, we have no authority to waive his fees under the PLRA. Furthermore, despite Telfair's belief, the PLRA plainly requires a prisoner to pay the fees if he "brings a civil action *or files an appeal* . . . ." 28 U.S.C. § 1915(b)(1) (emphasis added). For these reasons, we will deny Telfair's motion for a fee waiver.

III.

Porter's and the Mahabir appellants' motions to withdraw their appeals under Federal Rule of Appellate Procedure 42(b) are granted. Their motions for the return of

---

Court's order.

[3] We note that the granting of IFP status exempts litigants from filing fees only. It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs, 28 U.S.C. § 1915(f)(1); expert witness fees, *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987); or sanctions.

9

their filing and docketing fees are denied. Telfair's motion for waiver of the filing and docketing fees is denied. If Telfair wishes to proceed with his appeal, he must pay the required fees or file a motion to proceed IFP within twenty-one days of the date of this opinion. If Telfair does not pay the fees or file a motion to proceed IFP his appeal will be dismissed for failure to pay such fees. 3d Cir. L.A.R. 3.3 and 24.2 and L.A.R. Misc. 107.1 (2008).[4] In accordance with this opinion, the Clerk of this Court is authorized to deny future motions to return or to waive appellate filing and docketing fees.

---

[4] We emphasize that, once the Court has granted a prisoner leave to proceed IFP in an appeal governed by the PLRA, the prisoner is obligated to pay the fees in full.

10