# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2458

_____

DeAndre Jerome Barnes,                  *
                                        *
                Appellant,              *
                                        *
        v.                              *    Appeal from the United States
                                        *    District Court for the
Hennepin County District Attorney's     *    District of Minnesota.
Office; Mike Freeman, in his individual *
and official capacities as County       *        [UNPUBLISHED]
Attorney; Robert J. Streitz, in his     *
individual and official capacities as   *
Assistant County Attorney,              *
                                        *
                Appellees.              *


_____

Submitted: February 2, 2010
Filed: February 5, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate DeAndre Barnes (Barnes) appeals the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 action against the Hennepin County District Attorney's Office and two of its prosecutors (defendants) for allegedly violating his due process rights under Brady v. Maryland, 373 U.S. 83 (1963), by refusing to provide him with post-conviction access to witness statements. The district court granted defendants' motion to dismiss, concluding Barnes had failed to state a claim upon which relief could be granted. On appeal, Barnes argues the district court erred in dismissing his due process claim and abused its discretion in denying his motion for appointment of counsel. In addition, he attempts for the first time to articulate claims under the First, Sixth, and Eighth Amendments, and requests a refund of his filing fees.

Upon careful de novo review, see Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (standard of review), we find the district court did not err in concluding Barnes had failed to state a due process claim. See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, 557 U.S. __, 129 S. Ct. 2308, 2320 (2009) ("Osborne's right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief. Brady is the wrong framework."). We further hold the district court did not err in concluding Barnes's claims under the First, Sixth, and Eighth Amendments described no conduct by defendants that violated the rights secured by these constitutional provisions, and thus Barnes failed to state a claim as to each. See Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam) (explaining, for a § 1983 claim to succeed, the plaintiff must show a causal relationship between the defendant's conduct and the deprivation of a constitutional right). Finally, we hold the district court did not abuse its discretion in denying Barnes's motion for appointment of counsel, see McCall v. Benson, 114 F.3d 754, 756

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

(8th Cir. 1997) (stating the standard of review and the factors to evaluate in determining the need for appointment of counsel), and we lack authority to refund Barnes's filing fees, cf. Porter v. Dept. of Treasury, 564 F.3d 176, 180 (3d Cir. 2009) (declaring an appellate court has no authority to waive in forma pauperis fees).

We affirm.

_____