DLD-284                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2275
_____

RONALD L. BRICKER,
                              Appellant

v.

C. O. TURNER, Official of Department of Corrections;
SUPERINTENDENT RANDALL E. BRITTON, Department of Correction;
C. O. C. SMITH, Department of Correction; CAPTAIN TICE, Department of Correction;
SGT. NEWELL, Department of Correction; C.O. HAZEN, Department of Correction;
MARY JO BARBER, Department of Correction
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-00479)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for possible dismissal due to a jurisdictional defect, and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 10, 2010
Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 17, 2010)

_____

OPINION

_____

PER CURIAM

Ronald Bricker, a state prisoner proceeding pro se, appeals the District Court's

order dismissing his civil rights action without prejudice and directing the Clerk to close

the file. We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's

order for an abuse of discretion. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003).[1]

We will affirm.

On March 3, 2010, Bricker filed a complaint pursuant to 42 U.S.C. § 1983 in the

United States District Court for the Middle District of Pennsylvania, asserting claims

against various officials and employees of the Pennsylvania Department of Corrections.

Bricker's complaint was accompanied by a deficient in forma pauperis motion. As a

result, an Administrative Order was issued on March 9, 2010 advising Bricker to remit

the appropriate filing fee or a "properly completed application to proceed in forma

pauperis and an authorization form" within 30 days. Bricker was further warned that his

failure to comply would result in the action being dismissed without prejudice.

While Bricker submitted an in forma pauperis motion and authorization form

within the 30 day deadline, his forms were anything but "properly completed." Bricker

altered the in forma pauperis motion and authorization form to indicate that it was signed

_____

[1] We view the District Court's order as a sanction for Bricker's failure to obey a
court order or for failure to diligently prosecute, and thus as one appealable under § 1291.
Moreover, it is clear from the record on appeal that Bricker insists on standing on his in
forma pauperis documents as filed. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d
Cir. 1976).

2

"under duress" and to note his refusal to authorize prison officials to deduct the $350.00 filing fee from his prison account. Bricker further noted his disagreement with the filing fee provisions of the Prison Litigation Reform Act ("PLRA") and the District Court's Administrative Order in the form of an Objection, wherein he noted, inter alia, that the PLRA "cannot be force[d] on [him]...."

Given Bricker's blatant refusal to comply with the Administrative Order, the District Court entered an order on April 14, 2010 dismissing his civil action without prejudice and directing the Clerk to close his case file. A timely appeal to this Court followed.

As directed by the case opening letter from this Court's Clerk's Office, Bricker sought leave to proceed in forma pauperis on appeal. However, as in the District Court, Bricker asserted that his in forma pauperis motion was signed "under duress" and that the fee assessment was "unconstitutional." Additionally, Bricker failed to submit a certified six month prison account statement ("PAS"). In a Clerk's Order issued on June 1, 2010, Bricker was advised that his in forma pauperis motion would be held in abeyance pending submission of the certified account statement. Much like his actions in the District Court, Bricker submitted the requested document but refused to have the PAS signed by an authorized officer at SCI-Houtzdale. According to appellant, "[t]hese officer[s] had and has no Constitutional rights to make statements under oath, because they are in a job in violation of the Constitution." See PAS at 1. Bricker further submitted an "Objection" to

3

the Clerk's non-compliance order.

The Clerk nevertheless granted Bricker in forma pauperis status by Order dated June 16, 2010. In that Order, the Clerk advised Bricker of his obligation to pay the full appellate filing and docketing fees, directed the Warden to make the appropriate assessment, and notified appellant that the appeal would be submitted to the Court for a determination under 28 U.S.C. § 1915(e)(2) or possible summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. As would be expected of Bricker at this point, he filed a response objecting to the Clerk's assessment order. By Clerk's Order, Bricker's objection was thereafter referred to the Court.

We will overrule Bricker's objections to the Clerk's Orders and deny his challenge to the assessment of the appellate filing and docketing fees. Despite Bricker's displeasure with the current state of the law, "the PLRA plainly requires a prisoner to pay the fees if he 'brings a civil action or files an appeal ....'" Porter v. Dept. of Treasury, 564 F.3d 176, 180 (3d Cir. 2009), citing 28 U.S.C. § 1915(b)(1). A prisoner's legal obligation to pay such fees is incurred by the filing of the notice of appeal in forma pauperis. See § 1915(b)(1); see also Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999), quoting Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997) ("Whether [the prisoner] authorized the prison to disburse the money is neither here nor there. How much a prisoner owes, and how it will be collected, is determined entirely by the statute and is outside the prisoner's (and the prison's) control once the prisoner files the complaint or notice of appeal.").

Moreover, as we stated in <u>Porter</u>, 564 F.3d at 180, "we have no authority to waive his fees under the PLRA." <u>In</u> <u>forma</u> <u>pauperis</u> status under the PLRA, "does not result in a waiver of the fees - it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account." <u>Id.</u>, <u>citing</u> § 1915(b).

Given the foregoing, we must likewise conclude that the District Court did not abuse its discretion in administratively terminating Bricker's civil action and ordering that the Clerk close his case. Given Bricker's actions, we do not hesitate to conclude that his conduct amounts to a willful failure to respond to the order issued by the District Court, and "evidences an intent to flout the District Court's instructions" on proper compliance with the provisions of 28 U.S.C. § 1915. <u>Redmond v. Gill</u>, 352 F.3d at 803.

Accordingly, we will summarily affirm the judgment of the District Court as no substantial question is presented by this appeal. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6. Bricker's document titled "Application Motion for a Certificate of Appealability" is denied.[2]

---

[2] We note for appellant's information that a certificate of appealability is required where an appeal has been filed from the final order of the District Court denying a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 or § 2254, and in a case in which "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253. The underlying action was filed pursuant to 42 U.S.C. § 1983, not 28 U.S.C. § 2241 or § 2254, and thus a motion for a certificate of appealability is not an appropriate one to file in the instant appeal.