**\*AMENDED BLD-025**                                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3566
_____

IN RE:  WAYNE PETTAWAY,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 1-11-cv-00158)
District Judge: Hon. Susan Paradise Baxter

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 27, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: November 16, 2016)
_____

OPINION\*
_____

PER CURIAM

    In an earlier appeal, Wayne Pettaway, a state prisoner, was permitted to proceed in

forma pauperis.  At that time, Pettaway was notified that he was required to pay the full

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

$455 fee in installments regardless of the outcome of his appeal, and the warden was directed to collect and forward the fee to the District Court Clerk in accordance with 28 U.S.C. § 1915(b).  Pettaway v. SCI Albion, C.A. No. 12-1396 (order entered March 29, 2012).  Subsequently, we dismissed the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Pettaway v. SCI Albion, C.A. No. 12-1396 (judgment entered May 22, 2012).

Pettaway now seeks a writ of mandamus, directing the District Court to refund all fees that were erroneously deducted in excess of the $350 District Court filing fee.[1] Mandamus is an extraordinary remedy.  See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976).  To obtain mandamus relief, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).  Pettaway cannot satisfy this standard.

Among other things, Pettaway has no right to the relief he requests.  As he was notified, he is responsible for the fee for his appeal regardless of its outcome.  See Porter v. Dep't of the Treasury, 564 F.3d 176, 179-80 (3d Cir. 2009) (outlining purposes of filing and docketing fees and explaining that appellants are not entitled to their return).

---

[1] Pettaway attached as an exhibit to his petition a summary of his prison account statement showing that $297.85 had been deducted as filing fees for his appeal as of May 3, 2016, with a remaining balance due of $157.15.  It appears that Pettaway has conflated

Once Pettaway was granted leave to proceed in forma pauperis, he became obligated to pay the full fee. See id. at 180 n.4. That we dismissed his appeal as frivolous does not relieve him of his obligation. Accordingly, we will deny Pettaway's petition.[2] Pettaway's motion for appointment of counsel is denied.

---

the $350 District Court filing fee with the $455 filing fee for his appeal.
[2] On October 17, 2016, Pettaway requested expedited consideration by this Court. To the extent that this is a motion to expedite this mandamus petition, the motion is denied.