**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2381
_____

ROBERT JACOBSEN; CAROL JACOBSEN

v.

HARTFORD INSURANCE COMPANY FLOOD & HOME
(D.C. No. 3-13-cv-06910)

ROBERT JACOBSEN; CAROL JACOBSEN

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST
(D.C. No. 3-14-cv-03094)

Robert Jacobsen,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 3-13-cv-01540 & 3-14-cv-03094)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2019
Before:  SHWARTZ, RESTREPO, and RENDELL, Circuit Judges

(Opinion filed: January 14, 2020)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

_____

PER CURIAM

Robert Jacobsen appeals from the District Court's order entering judgment against him in this property insurance dispute. We will affirm in part, vacate in part, and remand for further proceedings.

I.

Jacobsen, along with his now-deceased wife,[1] owned a property in Brick Township, New Jersey. The Jacobsens maintained flood insurance on the property through an entity we refer to as Hartford-Flood, and they maintained homeowners insurance on the property through an entity we refer to as Hartford-Property.[2] The Jacobsens' property sustained damage during Hurricane Irene in 2011 and then again during Superstorm Sandy in 2012. As a result, the Jacobsens submitted claims for flood damage to Hartford-Flood and for non-flood damage to Hartford-Property. Hartford-Flood denied the Jacobsens' claim relating to Hurricane Irene for failure to submit a timely proof of claim, but it paid them approximately $155,000 for damage

---

constitute binding precedent.

[1] Our references to "Jacobsen" are to Robert Jacobsen. Jacobsen advised the District Court that his wife passed away on May 3, 2019, after the District Court dismissed the last of his claims but while his motion for reconsideration was still pending.

[2] Hartford-Flood refers to Hartford Insurance Company of the Midwest in its capacity as a "write-your-own" carrier under the National Flood Insurance Program. Hartford-Property refers to Hartford Insurance Company Home and Flood in its capacity as a private insurer. These two entities are represented by different counsel, and we follow the District Court's lead in treating them as separate parties.

related to Superstorm Sandy. Hartford-Property paid the Jacobsens approximately $3,800 for damage related to Hurricane Irene, but it denied their claim for damage related to Superstorm Sandy on the ground that the non-flood damage caused by that specific storm did not exceed their deducible.

Dissatisfied with that result, the Jacobsens filed suit pro se against both Hartford-Flood and Hartford-Property seeking payment of their full policy limits for damage caused by Hurricane Irene (D.N.J. Civ. No. 3-13-cv-06910) and by Superstorm Sandy (D.N.J. Civ. No. 3-14-cv-03094). (The Jacobsens also filed other actions that they claim are related, but only these two actions are presently before us.) Hartford-Flood ultimately moved for summary judgment in both actions, and the Jacobsens responded with motions for summary judgment against both Hartford-Flood and Hartford-Property. Hartford-Property opposed the Jacobsens' motions, but it did not seek summary judgment itself and instead conceded that the Jacobsens' claims under their homeowners' policy raised genuine issues for trial. By order entered March 31, 2017, the District Court granted Hartford-Flood's motions and denied the Jacobsens' motions.

That ruling left for trial the Jacobsens' claims against Hartford-Property. Pretrial case-management proceedings proved to be protracted, largely as a result of the Jacobsens' numerous and repetitive motions for various forms of relief (including for the recusal of the District Judges and the Magistrate Judge involved in this case). The District Court ultimately scheduled trial for March 11, 2019. At 11:19 p.m. the night before, Jacobsen faxed a letter to the District Court stating that he was "unable to fly out this day" (from

3

Phoenix, Arizona, where he was living) because of "weather problems." Jacobsen also "suggested" that the District Court reschedule trial for the following week.

On the morning of March 11—with a jury having been called, with Hartford-Property's counsel present, and with Hartford-Property's witnesses either present or readily available—Jacobsen did not appear. In response, the District Court first ascertained that the flight on which Jacobsen claimed to have been scheduled in fact departed and arrived on March 10 roughly on time. The District Court then called Jacobsen's telephone number of record in Phoenix and received no answer.[3] As a result, Hartford-Property orally moved for dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute. The District Court granted that motion and entered a judgment of "no cause of action" that same day. The District Court's judgment did not explain its basis for concluding that such a judgment was warranted.

Shortly thereafter, the Jacobsens filed several motions, including a timely motion for reconsideration. The District Court heard telephonic argument on those motions on May 13, 2019. In his motions and during the argument, Jacobsen claimed that he was unable to be seated on his scheduled flight and that his alleged inability to fly out on May 10 resulted in part from the crash of a Boeing 737 MAX earlier that day. Jacobsen also asserted that he still wanted to go to trial. The District Court, with little discussion, explained that it entered judgment on the basis of what it knew at the time and that

---

[3] In its brief, Hartford-Property asserts that the District Court heard a tone that it recognized as Jacobsen having blocked the District Court's number. The proceedings on March 11 have not been transcribed, and that alleged circumstance does not otherwise appear of record, but Jacobsen has not disputed it.

4

Jacobsen had provided no reason for it to change that decision. Thus, by order entered May 16, 2019, the District Court denied Jacobsen's motion for reconsideration for the reasons it explained on the record. Jacobsen appeals.[4]

## II.

As an initial matter, Jacobsen asserts that he appeals "all" of the District Court's rulings, which would include its many interlocutory orders relating to discovery and case-management issues. Jacobsen, however, has neither clearly identified the interlocutory orders that he seeks to challenge nor raised any meaningful argument regarding those orders. To the contrary, his briefs consist largely of conclusory assertions of error, criminality and judicial bias. Those assertions state no basis for relief. In particular, we reject Jacobsen's assertions that the District Judges and Magistrate Judge involved in these cases were biased and should have recused themselves. Jacobsen has offered nothing but conclusory assertions in that regard, and our review reveals that all concerned exhibited considerable patience in the face of his numerous pro se filings and his seeming inability to focus on the relevant issues.

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. Jacobsen's appeal from the denial of his timely motion for reconsideration, which we treat as one under Fed. R. Civ. P. 59(e), brings up for review the District Court's underlying orders granting summary judgment in favor of Hartford-Flood and dismissing Jacobsen's claims against Hartford-Property. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012). We exercise plenary review over the first of those rulings and review the second for abuse of discretion. See Roberts v. Ferman, 826 F.3d 117, 121 n.3 (3d Cir. 2016). We review the denial of reconsideration for abuse of discretion as well. See Atl. City Police Dep't, 670 F.3d at 446.

Those points aside, the dispositive rulings before us are (1) the District Court's order entering summary judgment for Hartford-Flood in both actions, and (2) the District Court's order dismissing Jacobsen's claims against Hartford-Property in both actions for Jacobsen's failure to appear at trial.

Regarding summary judgment, Jacobsen once again has not raised any meaningful challenge to that ruling and instead refers us without elaboration to what he characterizes as the "5,000 page of documents" or "5,000 to 7,000 pages of documents" filed with the District Court. Those references are not sufficient to raise any issue on review because "Judges are not like pigs, hunting for truffles buried in the record." Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (quotation marks omitted). Nevertheless, Hartford-Flood has not argued that Jacobsen forfeited his challenge to the entry of summary judgment and has instead defended that ruling on the merits. We therefore have reviewed the merits as well, and we will affirm the entry of summary judgment for the reasons thoroughly and adequately explained by the District Court.

That leaves the District Court's dismissal of Jacobsen's claims against Hartford-Property as a sanction for his failure to appear at trial. The dismissal of claims is a drastic measure that must be used only as a sanction of last resort. See Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019). Thus, before dismissing an action as a sanction, District Courts generally must balance the six factors that we adopted in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). See id.[5] There are

_____

[5] Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

6

some circumstances in which District Courts need not do so before dismissing an action, such as when a plaintiff's contumacious conduct makes adjudication of the case impossible. See, e.g., Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011) (collecting cases). Jacobsen's failure to appear for trial by itself does not rise to that level because he did not expressly refuse to proceed to trial on his remaining claims. Cf. Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). Instead, he claimed that he was unable to attend trial and requested that the District Court reschedule trial in the future. Whatever the merits of that position, it required evaluation under Poulis before the District Court could dismiss his claims as a sanction.

The District Court, however, neither mentioned Poulis nor performed the functional equivalent of a Poulis analysis either in entering judgment for Hartford-Property or in declining to reconsider that ruling. The District Court, for example, did not make any express finding regarding whether Jacobsen's failure to appear for trial was willful or in bad faith. Nor did the District Court refer to any other circumstance that might have warranted dismissal. The District Court should have done so before imposing that drastic sanction of last resort.

Hartford-Property argues that we should affirm by applying the Poulis factors ourselves in the first instance on appeal. We generally decline such invitations because balancing the Poulis factors "require[s] factual findings not within the parameters of our

---

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Hildebrand, 923 F.3d at 132 (quoting Poulis, 747 F.2d at 868).

7

review," Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989), and we decline Hartford-Property's invitation here for the same reason. Some of the Poulis factors may indeed weigh in favor of dismissal.[6] Others may weigh against it.[7] In the end, however, we will vacate the District Court's order of dismissal and remand for it to apply Poulis in the first instance.

We emphasize that nothing in our opinion prevents the District Court from again dismissing Jacobsen's claims if it concludes that dismissal is warranted under Poulis. We also do not condone Jacobsen's conduct in failing to appear at trial or his general conduct throughout this litigation, which appears to represent at least a flagrant disregard of his

---

[6] Jacobsen has what might charitably be described as a history of dilatoriness. At one point, for example, it appears that Jacobsen abruptly hung up on a Magistrate Judge during a case-management conference and then failed to call in for another case-management conference before the District Judge. (2013 action, ECF No. 224.) Those circumstances led the District Court to order Jacobsen to show cause why his claims should not be dismissed for failure to prosecute. (Id.) It does not appear that the District Court ever formally resolved that order to show cause but, following a hearing on that order, it did not dismiss Jacobsen's claims and instead entered another case-management order and scheduled the matter for trial. (2013 action, ECF No. 231.) Jacobsen nevertheless failed to participate in at least one more conference after that. (2013 action, ECF No. 250.)

[7] Hartford-Property suggests that the merits of Jacobsen's claims weigh in favor of dismissal because he did not engage an expert witness and because it believes that the evidence supports its position. But the meritoriousness of claims for Poulis purposes is decided on the pleadings, not under the summary judgment standard, and Hartford-Property has conceded that Jacobsen's claims have sufficient merit to warrant a trial under that standard in any event. See Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984). Hartford-Property also asserts that Jacobsen's failure to appear at trial reveals that alternative sanctions would not have been effective. The District Court, however, had alternatives at its disposal. The District Court could, for example, have considered requiring Jacobsen (who is not proceeding in forma pauperis) to compensate Hartford-Property for its counsel's and its witnesses' time and expenses in appearing for trial.

8

obligations as a plaintiff to move his own case forward and which already has substantially burdened the resources of the District Court. Nevertheless, given the drastic nature of the sanction that the District Court imposed largely without discussion, we will remand for the District Court to address these and the other relevant circumstances under Poulis in the first instance.

III.

For these reasons, we will affirm the District Court's entry of summary judgment in favor of Hartford-Flood in both actions but will vacate its dismissal of Jacobsen's claims against Hartford-Property in both actions and will remand for further proceedings. Appellees' motion for leave to file a supplemental appendix is granted. Jacobsen's motions are denied.[8]

---

[8] Among Jacobsen's motions is a motion for reimbursement of the filing and docketing fees for this appeal. Jacobsen filed an interlocutory appeal following the District Court's entry of summary judgment in favor of Hartford-Flood (C.A. No. 17-2309), and we dismissed that appeal for lack of appellate jurisdiction. Jacobsen appears to believe that he should not have to pay additional fees for this appeal, but each appeal requires payment of its own fees regardless of the outcome. See Porter v. Dep't of the Treasury, 564 F.3d 176, 179 (3d Cir. 2009).