Kenneth Adrian **FULLER,**
**Plaintiff—Appellant,**

v.

Lynn **NELSON;** et al., **Defendants—**
**Appellees.**

No. 04–36099.
D.C. No. CV–04–329–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Kenneth A. Fuller, an Idaho state prisoner, appeals pro se the district court's dismissal without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), of his action under 42 U.S.C. § 1983 against Lynn Nelson, the public defender who was his trial attorney; Ruth Fullwiler, the public defender who was his post-conviction attorney; John Adams, another public defender; Nancy Lubbert, a public defender who represented Fuller after trial; Tim Gresback, a private attorney who represented Fuller after trial; James Judd, the trial court judge; May Moreland, a court clerk; Dan English, another court clerk; Frederick Lyon, the clerk of the Idaho Supreme Court; C.A. Wold, an investigator for the Idaho state bar; and possibly Tom Beauclair, director of the Idaho Department of Corrections. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm in part and vacate in part the district court's judgment.

Fuller contends that the district court erred in dismissing his claims against Judge Judd on the ground of absolute immunity. This contention lacks merit because the claims concern Judge Judd's actions in his judicial capacity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).

Fuller also contends that the district court erred in holding that his First

Kenneth Adrian Fuller, St. Anthony, ID, pro se.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Amendment claims of denial of access to the courts on direct appeal and in post-conviction proceedings were barred under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Fuller claims that various defendants prevented him from filing a direct appeal and a timely post-conviction petition. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement,'" but rather must seek habeas corpus relief. *Wilkinson v. Dotson,* — U.S. ——, 125 S.Ct. 1242, 1244, 161 L.Ed.2d 253 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). A prisoner challenges the fact or duration of his confinement when he seeks immediate release from prison, the shortening of his term, or a judicial determination that necessarily implies the unlawfulness of his custody. *Id.* at 1246. The remedy for the unconstitutional deprivation of an appeal would not be immediate release. *Cf. id.* at 1244 (holding that prisoners could proceed under § 1983 when they challenged parole procedures and did not seek injunctions ordering their immediate or speedier release). Accordingly, we reverse the district court's dismissal of claims as barred under *Heck* and remand for further proceedings. On remand, the district court shall appoint counsel for Fuller.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.