United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60845
Summary Calendar

WILMER LOUIS SPENCE, JR.,

                                        Plaintiff-Appellant,

versus

JIM HOOD, District Attorney; SANDRA N. WILLIS, Circuit Clerk;
AMY CUNNINGHAM, Deputy Circuit Clerk; CHICKASAW COUNTY BOARD OF
SUPERVISORS, President; CHRISTINE B. TATUM, Law Clerk,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:03-CV-200-D-A
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Wilmer Louis Spence, Jr., Mississippi inmate # K8153, seeks

leave to proceed in forma pauperis ("IFP") in his appeal of the

dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged

a violation of his right of access to the court. Spence's IFP

motion is construed as a challenge to the district court's

certification that his appeal is not taken in good faith. Baugh

v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our inquiry into Spence's good faith is limited to the district court's reasons for the certification; we consider the IFP motion to determine "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotations and citations omitted); Baugh, 117 F.3d at 202.

Spence asserts that the defendants are not entitled to qualified immunity and that the district court erred by sua sponte invoking the qualified immunity defense and by dismissing his complaint on summary judgment without notice, prior to discovery, and without affording him an opportunity to amend. Spence's complaint was dismissed for failure to state a claim; we review such dismissals de novo. Clay v. Allen, 242 F.3d 679, 680 (5th Cir. 2001).

Spence does not refute the district court's conclusions that the defendants were entitled to absolute judicial, prosecutorial, and quasi-judicial immunity, nor does he demonstrate that he alleged the violation of a constitutional right against the Board of Supervisors. Accordingly, Spence has not shown that his appeal involves "legal points arguable on their merits." Howard, 707 F.2d at 220; see FED. R. APP. P. 28(a)(9)(A); Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Spence's motion for leave to proceed IFP is denied. See Baugh, 117 F.3d at 202.

Because the merits of Spence's appeal are "inextricably intertwined with the certification decision," we may examine the issue whether Spence's appeal should be dismissed. See Baugh, 117 F.3d at 202. Spence's pro se status entitles him to a liberal interpretation of his arguments. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Spence's allegations that he was denied an appeal, counsel, IFP status, and transcripts in criminal proceedings, if proven, would implicate the validity of his conviction. These claims are not cognizable under § 1983 because Spence has not established that the validity of his conviction has been cast into doubt. See Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995) (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

Spence's allegations that the state judges denied his out-of-time criminal appeal and his motions for leave to proceed IFP, for appointment of counsel, and for documents at government expense concern judicial functions, which are protected by the doctrine of absolute judicial immunity. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Krueger, 66 F.3d at 76-77. Likewise, the former district attorney is entitled to prosecutorial immunity because the § 1983 allegations concerned his role as a State advocate. See id. at 77.

The remaining individual defendants are entitled to qualified immunity from § 1983 liability for the routine duties of which Spence complained. See Clay, 242 F.3d at 682. Spence,

however, must demonstrate a violation of his constitutional rights. Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995). Spence cannot establish a violation of his right of access to the court because he has not alleged an actual injury. See Lewis v. Casey, 518 U.S. 343, 349 (1996).

Spence cannot make the showing required to establish that the Board of Supervisors violated his constitutional rights. See Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984) (en banc). Spence's conclusional allegations of a conspiracy are not sufficient to support a claim under § 1983. See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). In addition, Spence's conclusional allegations do not establish liability on the part of the defendants in their individual capacities. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002).

Spence's appeal has no arguable merit, is frivolous, and is dismissed. 5TH CIR. R. 42.2; see Howard, 707 F.2d at 219-20. The dismissal by the district court of Spence's complaint and the dismissal of this appeal as frivolous each count as a strike under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Spence is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.