

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# Craig Saunders v. Gwendolyn Bright

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Craig Saunders v. Gwendolyn Bright" (2008). *2008 Decisions.* Paper 1067.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1067

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-209                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 08-1763

————————

CRAIG DUVAL SAUNDERS,

Appellant

v.

GWENDOLYN BRIGHT, JUDGE; BARRY HARRIS,
COURT REPORTER; SHARON GERMAN, COURT
REPORTER/INTERPRETER; MICHAEL AMMANN,
DEPUTY COURT ADMINISTRATOR; SUSAN
CARMODY, SUPERVISOR; COUNTY AND CITY OF
PHILADELPHIA; LAW DEPARTMENT-CLAIMS DIVISION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-01468)
District Judge:  Honorable Louis H. Pollak

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2008

Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Filed: June 3, 2008)

————————

OPINION

————————

PER CURIAM

Appellant Craig Saunders, a Pennsylvania state prisoner, was convicted in the Philadelphia Court of Common Pleas and sentenced.[1] These convictions were affirmed by the Pennsylvania Superior Court. Saunders' first trial ended in a mistrial, however. Saunders filed a civil rights action under 42 U.S.C. § 1983 in United States District Court for the Eastern District of Pennsylvania against the state trial judge who presided over his second trial, certain other personnel of the First Judicial District of Pennsylvania, and the City of Philadelphia, which was alleged to be the defendants' employer.[2] Saunders alleged that the defendants, through their refusal to provide him with transcripts from his first trial, deprived him of the documents necessary to establish his innocence at the retrial, at which he was represented by counsel, and on direct appeal, where he proceeded pro se. He sought money damages and other "prospective" relief.

The defendants moved to dismiss the complaint pursuant to the "favorable termination rule" of Heck v. Humphrey, 512 U.S. 477 (1994), noting that Saunders' convictions, by his own admission, had never been invalidated.[3] In an order entered on February 28, 2008, the District Court granted the defendants' motions to dismiss and

---

[1] The circumstances of his conviction and sentence are not disclosed in his Complaint.

[2] In fact, the named defendants are employees of the First Judicial District of Pennsylvania, a state entity.

[3] Saunders requested default judgments against all defendants, a request the District Court denied.

denied Saunders leave to amend his complaint. The court reasoned that relief could not be granted without collaterally rendering Saunders' convictions effectively invalid. Thus, Heck applied to bar the action.[4] The District Court declined to exercise supplemental jurisdiction over several causes of action arising under Pennsylvania law, and denied Saunders' motion to amend his complaint as, in effect, futile. Saunders filed a timely motion for reconsideration of this decision and a notice of appeal. The District Court denied the motion for reconsideration in an order entered on May 13, 2008, concluding that Saunders' attempt to distinguish his case from those that are barred by Heck was unpersuasive.

Our Clerk granted Saunders leave to proceed in forma pauperis and advised him that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2), or that it might be appropriate for summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. He was invited to submit a written response, and he has done so, submitting a "Motion for Summary Action," which we construe as a motion for summary reversal and remand.

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides

---

[4]The court further concluded that, to the extent that Saunders sought to include causes of action under 42 U.S.C. §§ 1981, 1985 and 1986, Heck applied there as well, because the logic of Heck is that civil rights suits, like common law tort suits, are not an appropriate means for challenging the validity of outstanding criminal judgments. See, e.g., McQuillion v. Schwarzenegger, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004).

that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

This appeal of the District Court's decision to dismiss the complaint under Rule 12(b)(6) lacks an arguable basis in law. In Heck, 512 U.S. 477, the Supreme Court held that a prisoner's action under the civil rights laws cannot be maintained if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. Heck's favorable termination rule applies "no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). We conclude that there is no arguable basis for disagreeing with the District Court's conclusion that relief could not be granted in his civil rights action without collaterally rendering Saunders' convictions effectively invalid. Furthermore, his convictions have never been reversed on direct appeal, declared invalid

4

by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and he, therefore, has not satisfied Heck's favorable termination rule. 512 U.S. at 486-87. The District Court properly exercised its discretion to deny the motion to amend the complaint because any amendment would have been futile, see Foman v. Davis, 371 U.S. 178, 182 (1962), and properly declined to exercise supplemental jurisdiction, 28 U.S.C. § 1367(c)(3).

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Appellant's "Motion for Summary Action," which we construe as a motion for summary reversal and remand, is denied.