**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RAY PINEDA, | No. 10-15870 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00424-LRH-VPC |
| v. |  |
| NEVADA DEPARTMENT OF PRISONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 21, 2011[**]

Before:      TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Nevada state prisoner Ray Pineda appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging claims for denial of

access to courts, access to counsel, and due process. We have jurisdiction under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Pineda's access-to-courts and access-to-counsel claims because the success of these claims would necessarily imply the invalidity of Pineda's conviction or sentence, which have not been previously invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

The district court properly granted summary judgment on Pineda's due process claim because he failed to raise a genuine dispute of material fact as to whether defendants prevented Pineda's family or his counsel from posting bail with the clerk of the court where his criminal action was pending as required by applicable law. *See* Nev. Rev. Stat. § 169.245.

The district court also properly concluded that Pineda could not allege a cognizable due process claim under § 1983 for unauthorized or random deprivation of property because he had an adequate state law remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also* Nev. Rev. Stat. § 41.031 (allowing state law tort and contract claims against the state and its subdivisions).

Pineda's remaining contentions are unpersuasive.

**AFFIRMED.**