[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14151
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00753-HWM-JBT

CARLOS MOORE,

Plaintiff-Appellant,

versus

JON S. WHEELER,
Clerk of First District Court of Florida,
THOMAS D. HALL,
Clerk of Supreme Court of Florida,
ATTORNEY GENERAL, STATE OF FLORIDA,
MARK W. MOSELEY,
Cir Judge,
RAY NORMAN,
Clerk of Court 8th Jud. Cir.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2013)

Before CARNES, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Moore, a Florida prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), of his 42 U.S.C. § 1983 action against the State of Florida, the Florida Attorney General, and various persons in the Florida court system.  Moore, who is serving a life sentence for a 1973 robbery conviction, alleged in his complaint that his conviction was improper under Florida law because of a defective charging affidavit, that he was convicted without sufficient evidence, that the state trial court lacked jurisdiction over his criminal case, that the length of his sentence was cruel and unusual punishment, and that he was denied meaningful access to the courts on appellate review of his criminal case because the trial court denied him access to the record of his criminal trial and sentencing, and the appellate courts ignored this issue.  The district court concluded that Moore's complaint failed to state a claim because *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), barred all of his claims.  We find no reversible error.

A state prisoner cannot bring a 42 U.S.C. § 1983 suit for damages if a judgment in his favor would necessarily imply the invalidity of a conviction or sentence, unless that conviction or sentence has been invalidated already.  *Heck v. Humphrey*, 512 U.S. 477, 487.  The majority of Moore's claims (all but the access-

to-courts claim) overtly challenged the validity of his conviction and sentence. Indeed, Moore requested immediate release from prison in addition to monetary damages. He did not allege that his conviction had been invalidated already. To the extent that he sought an order of release, he was directly challenging his conviction and his claim should have been brought in habeas. To the extent that he sought damages because he was charged in a defective affidavit, convicted without sufficient evidence, tried without jurisdiction, and given a sentence that was cruel and unusual, those claims indirectly challenge his conviction and sentence by requesting a judgment that necessarily implies the unlawfulness of his custody. *Heck*, 512 at 487, 114 S.Ct. at 1272.

Likewise, Moore's access-to-the-courts claim is barred by *Heck*. Moore argues that the state appellate courts would not have affirmed his conviction and sentence if the trial court had provided them with the record of his trial and sentencing. Thus, a judgment in Moore's favor on his access-to-courts claim would necessarily imply the invalidity of Moore's conviction.

**AFFIRMED.**