**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1951
_____

CRAIG SAUNDERS,
Appellant

v.

PHILADELPHIA DISTRICT ATTORNEY'S OFFICE; FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA COURT REPORTERS, DIGITAL RECORDING AND
INTERPRETER ADMINISTRATION; SHARON GERMAN, Official Court Reporter;
BARRY HARRIS, Official Court Reporter; DIANE S. RAQUET, Official Court
Reporter
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-06327)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013

Before:  HARDIMAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed October 21, 2013)
_____

OPINION
_____

PER CURIAM

Craig Saunders, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's order dismissing his civil rights complaint, as well as from the court's subsequent order denying his motions to alter or amend the judgment and file an amended complaint. Because the appeal presents no substantial question, we will summarily affirm.

I.

In 2002, Saunders was charged with a host of offenses in the Philadelphia Court of Common Pleas. His first trial ended in a mistrial, but his second trial ended with him being found guilty of kidnapping, rape, and several other offenses. After the Court of Common Pleas imposed sentence, Saunders filed a direct appeal. In 2006, the Pennsylvania Superior Court affirmed the judgment of sentence. Thereafter, Saunders filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA").

Shortly after commencing his PCRA action, Saunders filed a civil rights complaint in the District Court. Therein, he alleged that the trial judge in his criminal case, along with the City of Philadelphia and certain court personnel in the First Judicial District of Pennsylvania, had deprived him of the trial transcript from his first trial and other documents necessary to establish his innocence at his second trial and on direct appeal. In 2008, the District Court granted the defendants' motion to dismiss the complaint, concluding that the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), barred Saunders's action. Saunders appealed from that judgment, but we

2

dismissed his appeal as frivolous.  See Saunders v. Bright, 281 F. App'x 83, 85 (3d Cir. 2008) (per curiam).

In 2010, the Court of Common Pleas rejected Saunders's request for PCRA relief on the merits.  In 2011, at which point Saunders's appeal from that decision was pending before the Superior Court,[1] he filed another civil rights complaint in the District Court. This new complaint named as defendants the Philadelphia District Attorney's Office, three court reporters, and the Court Reporter, Interpreter, and Digital Recording Administration for the First Judicial District of Pennsylvania (hereinafter collectively referred to as "Defendants").  Saunders alleged that Defendants had failed to provide him with a transcript of his accomplice's trial or complete transcripts of his own two trials. He further alleged that Defendants' actions (1) blocked his ability to access the courts on appeal and on collateral review, (2) violated his due process rights, and (3) violated his equal protection rights.  Saunders sought injunctive and declaratory relief.

Defendants moved to dismiss Saunders's complaint on several grounds, including on the basis that the District Court lacked jurisdiction under the Rooker-Feldman doctrine.  The District Court declined to address the grounds raised by Defendants and instead determined, sua sponte, that Saunders's complaint failed to allege a constitutional violation.  On that basis, the District Court granted Defendants' motion and dismissed Saunders's complaint with prejudice, stating that the "allegations cannot be amended to allege a cause of action."  (Dist. Ct. Order entered Sept. 27, 2012, at 3 n.1.)

---

[1] The Superior Court later affirmed the judgment of the Court of Common Pleas.

3

Saunders then filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), as well as a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). The District Court denied those motions. In doing so, the court reiterated that amendment of his complaint would be futile. Saunders now appeals.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Saunders's complaint. See Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2013). We review for abuse of discretion the District Court's denial of Saunders's Rule 15(a) motion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Lastly, we review the District Court's denial of his motion to alter or amend the court's prior decision for abuse of discretion, except with respect to matters of law, over which our review is plenary. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may affirm a judgment of the District Court on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

4

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In reviewing a district court's dismissal for failure to state a claim, "we must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (internal quotation marks omitted).

As a preliminary matter, we note that, because the question of Rooker-Feldman's applicability is a jurisdictional one, see Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006), the District Court should have decided that question before addressing the merits of Saunders's complaint. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) (explaining that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction"); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (stating that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits") (internal quotation marks omitted). We need not disturb the District Court's judgment on this basis, however, for the Rooker-Feldman doctrine does not actually apply here.[2] Accordingly, we now turn to the merits of Saunders's complaint.

_____

[2] The Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

5

III.

Saunders's first claim alleged that Defendants, by failing to provide him with complete transcripts as requested, violated his First Amendment right to access the courts. To state an access-to-the-courts claim, a plaintiff must "allege actual injury, such as the loss or rejection of a legal claim," Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997), as well as show that this lost or rejected legal claim is non-frivolous or arguable, see Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Here, Saunders sought and received state court appellate review of his conviction and sentence. He also pursued post-conviction relief, and the state court denied his petition on the merits. Although Saunders's complaint provided a detailed account of his efforts to obtain complete copies of the trial transcripts, he failed to state how the lack of complete transcripts hampered his ability to appeal and collaterally attack his conviction

proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). We have set forth four requirements that must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation marks omitted). Those requirements have not been met here. Although Saunders attempted to obtain the transcripts at issue here during his direct appeal and on PCRA review, the instant action complains of injuries caused by *Defendants*, not the state-court judgments issued in those proceedings.

6

and sentence. He also did not describe how having the complete transcripts would have affected the outcome of his litigation, nor did he establish that any lost or rejected claims were non-frivolous or arguable. For those reasons, we agree with the District Court that Saunders's complaint did not state an access-to-the-courts claim.

Saunders's complaint also alleged that Defendants violated his due process rights. As the District Court noted, due process requires that the Commonwealth make available "a record of sufficient completeness to permit proper consideration of [an indigent litigant's] claims." Mayer v. City of Chicago, 404 U.S. 189, 194 (1971). However, "neither the Supreme Court, nor our Court, has held that due process requires a verbatim transcript of the entire proceedings or that an incomplete record confers automatic entitlement to relief." Fahy v. Horn, 516 F.3d 169, 190 (3d Cir. 2008). Here, it appears that Saunders possessed a partial version of the transcript of his second criminal trial during the direct appeal of his conviction. He later obtained a more comprehensive, but apparently still not complete, version of the transcript, as well as a partial transcript of his first criminal trial. Nonetheless, his complaint did not allege facts indicating that the reviewing courts lacked a record of sufficient completeness to consider his claims. Therefore, we agree with the District Court that his complaint did not sufficiently state a due process claim.

The last claim raised in Saunders's complaint alleged that Defendants violated his equal protection rights. Because his complaint failed to allege that Defendants treated him differently than similarly-situated individuals, we agree with the District Court that

7

his complaint failed to state an equal protection violation. See Renchenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010).

Saunders also challenges the District Court's refusal to grant him leave to amend his complaint. A dismissal of a civil rights complaint pursuant to Rule 12(b)(6) without leave to amend is "justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, the District Court dismissed Saunders's complaint without leave to amend on the basis that Saunders's "allegations cannot be amended to allege a cause of action." Even if the District Court erred by concluding that the defects in Saunders's complaint could not be cured by amendment, any such error was harmless because, even if the District Court had permitted Saunders to file an amended complaint, it would not have changed the outcome of the case. The amended complaint that Saunders attached to his Rule 15(a) motion failed to cure the defects in his complaint. Notably, although the amended complaint included more detail about the underlying claims that Saunders was allegedly unable to pursue in his state court proceedings, it did not allege facts demonstrating that those claims were non-frivolous or arguable. See Monroe, 536 F.3d at 205.

In light of the above, we find no reason to disturb the District Court's dismissal of Saunders's complaint. Nor has Saunders shown that he is entitled to relief from the District Court's subsequent denial of his post-judgment motions. Because this appeal presents us with no substantial question, we will summarily affirm the District Court's orders. See 3rd Cir. I.O.P. 10.6.