BLD-214                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1538
_____

IN RE:  CRAIG SAUNDERS,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:11-cv-06327)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 27, 2014

Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Filed: April 7, 2014)
_____

OPINION
_____

PER CURIAM

        In an earlier appeal, Craig Saunders, a state prisoner, was permitted to proceed in

forma pauperis.  At that time, Saunders was notified that he was required to pay the full

$455 fee in installments regardless of the outcome of his appeal and the warden was

directed to collect and forward the fee to the District Court Clerk in accordance with 28

U.S.C. § 1915(b).  Saunders v. Phila. Dist. Att'y's Office, C.A. No. 13-1951 (order

entered May 6, 2013).  Subsequently, we summarily affirmed the judgment that Saunders

challenged. Saunders v. Phila. Dist. Att'y's Office, C.A. No. 13-1951 (judgment entered Oct. 21, 2013).

Saunders now presents a petition for a writ of mandamus. He asks us to order the District Court Clerk to refund the fee that has been remitted and to order the warden to cease deducting funds from Saunders's inmate account to pay the fee. He argues that he is entitled to such relief because we took summary action on his appeal.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Saunders cannot satisfy this standard.

Among other things, Saunders has no right to the relief he requests. As he was notified, he is responsible for the fee for his appeal regardless of its outcome. See Porter v. Dep't of the Treasury, 564 F.3d 176, 179-80 (3d Cir. 2009) (outlining the purposes of the filing and docketing fees and explaining that appellants are not entitled to their return). Once Saunders was granted leave to proceed in forma pauperis, he became obligated to pay the full fee. See id. at 180 n.4. That we took summary action before full briefing did not relieve him of his obligation. Accordingly, we deny Saunders's petition.

2