RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

TIMOTHY EUGENE SAMPSON,

*Plaintiff-Appellant*,

*v.*

CATHY M. GARRETT, Wayne County Clerk et al.,

*Defendants-Appellees*.

No. 18-1900

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:18-cv-12106—Sean F. Cox, District Judge.

Decided and Filed: March 6, 2019

Before: NORRIS, SUTTON, and COOK, Circuit Judges.

_____

## LITIGANT

**ON BRIEF:** Timothy Eugene Sampson, Kincheloe, Michigan, pro se.

_____

## OPINION

_____

SUTTON, Circuit Judge. Timothy Sampson is serving a life sentence in a Michigan prison. He sued Wayne County, Michigan, and a host of state-court officials and private attorneys under 42 U.S.C. § 1983, alleging they conspired to deprive him of trial transcripts, exhibits, and other records to frustrate his constitutional right to access the court.

The district court dismissed Sampson's pro se complaint for failure to state a claim, 28 U.S.C. §§ 1915A, 1915(e)(2)(B), concluding first that a number of the defendants are immune

from suit or are not state actors, and second that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his access-to-the-court claim. We review the decision with fresh eyes. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

*Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Whether *Heck* applies to an access-to-the-court claim alleging state interference with a direct criminal appeal is a new question for us. That it is a new question, however, does not necessarily make it a hard question. Because the right of access is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a "nonfrivolous, arguable" claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted).

Sampson maintains that he is entitled to damages because the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal. He could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous challenge to his convictions. He could win in other words *only* if he implied the invalidity of his underlying judgment. *Heck* bars this kind of claim.

We are not alone in seeing it this way. *See Dennis v. Costello*, 189 F.3d 460 (2d Cir. 1999) (unpublished table decision) (*Heck* bars access-to-the-court claim concerning filing delays); *Saunders v. Bright*, 281 F. App'x 83, 85 (3d Cir. 2008) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial transcripts); *Spence v. Hood*, 170 F. App'x 928, 930 (5th Cir. 2006) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial transcripts); *Burd v. Sessler*, 702 F.3d 429, 434–35 (7th Cir. 2012) (*Heck* bars access-to-the-court claim concerning library access); *Moore v. Wheeler*, 520 F. App'x 927, 928 (11th Cir. 2013) (per curiam) (*Heck* bars access-to-the-court claim concerning denial of trial record).

*Fuller v. Nelson*, 128 F. App'x 584 (9th Cir. 2005), it's true, went the other way. It held that *Heck* does not bar an access-to-the-court claim alleging that state officials kept a prisoner from filing an appeal. *Id.* at 586. As the Ninth Circuit saw it, *Heck* does not apply where "[t]he remedy for the unconstitutional deprivation . . . would not be immediate release." *Id.* The Ninth Circuit gestured at *Wilkinson v. Dotson*, 544 U.S. 74 (2005), for that idea. *Fuller*, 128 F. App'x at 586.

That reflects a crabbed reading of *Heck* as well as *Wilkinson*. *Wilkinson* held that *Heck* does not bar a due process challenge to state parole-eligibility procedures. 544 U.S. at 82. While the Court noted that the prisoners were not requesting release, but rather new procedures in mere hopes of swifter parole, it did not consider *Heck* inapplicable *only* because the claims' success would not mean release. *Id.* The Court emphasized that the new parole procedures (or even a grant of parole for that matter) would not imply the invalidity of the prisoners' original sentences. *Id.* at 83–84; *see Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011) (explaining *Wilkinson*'s two-fold rationale in holding that *Heck* does not bar a due process challenge to denial of DNA testing). By contrast, a favorable judgment on Sampson's access-to-the-court claim *would* necessarily bear on the validity of his underlying judgment, because that is exactly what he says the defendants kept him from contesting fairly. All of this may explain why the Ninth Circuit's unpublished decision in *Fuller* does not even appear to have force in the Ninth Circuit. *See Pineda v. Nev. Dep't of Prisons*, 459 F. App'x 675, 675 (9th Cir. 2011) (per curiam) (*Heck* bars access-to-the-court claim concerning forced absence from pretrial evidentiary hearing).

That takes care of the access claim. To the extent Sampson's multi-dimensional complaint alleges access claims unrelated to his criminal appeal or other claims that do not implicate *Heck*, the claims do not clear the plausibility hurdle. Even a pro se prisoner must link his allegations to material facts, *Lappin*, 630 F.3d at 471, and indicate what each defendant did to violate his rights, *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Sampson does neither.

We affirm, but order the district court to amend its judgment to dismiss without prejudice Sampson's access claim, *see Diehl v. Nelson*, 198 F.3d 244 (6th Cir. 1999) (unpublished table decision), as well as his state-law claims, *see Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992).