NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0243n.06

No. 23-1643

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 06, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DARRELL RICHMOND, | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| OFFICER MICHAEL MOSLEY, in his Individual and Representative Capacity; CITY OF DETROIT, MICHIGAN, a Municipal entity, | ) | |
|     Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: KETHLEDGE, LARSEN, and BLOOMEKATZ, Circuit Judges.

LARSEN, Circuit Judge. After being released from prison, Darrell Richmond sued the City of Detroit and former police officer, Michael Mosley, under 42 U.S.C. § 1983. He raised false arrest, malicious prosecution, and *Brady* claims against Mosley and brought a claim for *Monell* liability against the City. The district court granted summary judgment to Mosley and the City on all claims. For the reasons stated, we AFFIRM.

I.

In 2019, City of Detroit police officers sought a warrant to search a home located at 6362 Warwick. Former Detroit police officer Michael Mosley prepared the affidavit in support of the warrant. The affidavit indicated that Mosley had verified, via surveillance, a confidential informant tip that cocaine and heroin were being stored at 6362 Warwick. A state magistrate judge authorized the warrant. Richmond, who lived at the address, was home when police executed the warrant. Police recovered cocaine, heroin, marijuana, a firearm, cash, and drug paraphernalia from

the house.  The police arrested Richmond and charged him with various drug possession and firearm offenses.

Richmond moved to suppress the evidence on the ground that the affidavit failed to provide probable cause of drug trafficking at the home.  A state judge denied the motion.  Richmond subsequently pleaded guilty in Michigan state court to possession of cocaine with intent to deliver and to being a felon in possession of a firearm.  The court sentenced him in August 2019, to 3 to 20 years on the drug charge and 5 years on the firearm charge.

Meanwhile, Officer Mosley had his own problems.  After an investigation by the FBI, Mosley pleaded guilty to one count of federal program bribery.  Richmond claims that this investigation led to his criminal convictions being vacated.  The City disputes that.  What we do know, however, is that Richmond was released from prison on March 24, 2020.  He subsequently sued Mosley and the City of Detroit under 42 U.S.C. § 1983, raising false arrest, malicious prosecution, and *Brady* claims against Mosley, and a claim for *Monell* liability against the City.  The City moved for summary judgment.  The district court granted the motion, dismissing all claims against all defendants.  The court determined that all claims against Mosley were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Richmond had failed to show that his state court convictions had been overturned.  And, without an underlying violation of Richmond's constitutional rights by Mosley, the City could not be held liable under *Monell*.  Richmond now appeals.

II.

We review de novo the district court's summary judgment decision.  *Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 275 (6th Cir. 2018).  "[S]ummary judgment

is warranted only if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (citations omitted).

*Constitutional Violation.* Richmond argues that the district court erred by concluding that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred his claims against Mosley. We disagree. In *Heck*, the Supreme Court noted the longstanding "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. The Court held that this principle bars "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction." *Id.* So, before a criminal defendant may bring such an action, he must first "overturn the conviction on direct appeal or in habeas." *Chaney-Snell v. Young*, 98 F.4th 699, 707 (6th Cir. 2024). Only then may he seek civil damages under § 1983. *Id.*

Richmond raised false arrest, malicious prosecution, and *Brady* claims against Mosley. The district court determined that Richmond had forfeited any argument that these claims do not necessarily imply the invalidity of his conviction. *See Richmond v. Mosley*, 2023 WL 3997947, at *4 (E.D. Mich. June 14, 2023). Richmond doesn't challenge that holding on appeal and thus has abandoned any argument to the contrary. *See Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019). So we proceed with the understanding that Richmond's claims necessarily imply the invalidity of his convictions.

Richmond, then, must show that his state court convictions have been overturned, *see Chaney-Snell*, 98 F.4th at 707. The district court found that Richmond had failed to establish a genuine issue of material fact on this issue. *See Richmond*, 2023 WL 3997947, at *3. We agree.

In his complaint, Richmond stated that an order vacating his convictions was "entered on March 24, 2020." R. 1, PageID 4. But, after discovery, he produced no court order to that effect. Nor has he explained why he did not or could not produce a court order. And relevant to this point,

the City produced a docket report from Richmond's case, which contains no order or docket entry giving any indication that his convictions have been invalidated.

Richmond did produce two news articles indicating that his charges had been dismissed. But the newspaper articles can't create a genuine issue of material fact. Richmond offers them to prove the truth of the matter asserted (that his convictions were dismissed), so they constitute inadmissible hearsay. *See Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005) ("Because the newspaper article was inadmissible hearsay and Defendants have not conceded its evidentiary reliability, it could not create a genuine issue of material fact for trial."); *see also Croce v. Sanders*, 843 F. App'x 710, 718 (6th Cir. 2021); *Davis v. Detroit Pub. Schs. Comm. Dist.*, 835 F. App'x 18, 22 (6th Cir. 2020). Richmond also offers two pages from the Michigan Department of Corrections (MDOC) website, which list his convictions one time, but not another. While one page does indicate that his discharge date for the drug and gun sentences was March 24, 2020, that alone does not show that his convictions were overturned.

In sum, Richmond has failed to establish a genuine issue of material fact as to whether his convictions have been overturned. Accordingly, the district court was right to conclude that his claims are barred by *Heck*. As the City acknowledges, dismissals based on *Heck* should "ordinarily be without prejudice," and it does not say that it should be otherwise here. Appellee Br. at 3 (citing *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019)); *see also Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999) ("[U]nder *Heck*, [plaintiff's] civil rights action must be dismissed without prejudice."). The district court did not indicate whether its dismissal was with or without prejudice, and although we typically consider this silence to be with prejudice, given the district court's reasoning and our *Heck* jurisprudence, we clarify that the dismissal is without prejudice here.

*Municipal Liability*. Having determined that Richmond failed to establish an underlying constitutional violation, our resolution of the City's liability is simple. The district court found that without an underlying constitutional violation, the City could not be liable. Richmond doesn't challenge this conclusion on appeal, nor could he. *See Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023). The district court didn't err by dismissing Richmond's claims against the City.

\* \* \*

We AFFIRM.