**\*\*AMENDED BLD-246**                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1361
_____

ANTHONY A. MASCIANTONIO,
d/b/a Thermoall Remodeling,
                                        Appellant

v.

UNITED STATES OF AMERICA;
FIRST COMMONWEALTH BANK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Misc. No. 3-12-mc-00039)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 12, 2013)
_____

OPINION
_____

PER CURIAM

Anthony Masciantonio appeals an order of the District Court granting the Government's motion to enforce an Internal Revenue Service ("IRS") summons served on First Commonwealth Bank for the purpose of determining Masciantonio's tax liability. For the following reasons, we will affirm the judgment of the District Court.

Because we write for the parties' benefit, we will recite only the essential facts. The IRS is currently auditing Masciantonio's 2010 and 2011 income tax returns to determine the correctness of those returns and his tax liabilities for those years. The audit is primarily focused on income and expenses related to Masciantonio's business, Thermoall Remodeling. At an August 2012 meeting with IRS Agent Ida Mikula ("Agent Mikula"), Masciantonio provided some records to Agent Mikula, but told her that he could not afford the expense of obtaining the remaining documents from First Commonwealth Bank. He then sent Agent Mikula a letter confirming that he would not incur any more expenses to produce the requested documents.

As a result, Agent Mikula issued an administrative summons to First Commonwealth Bank for the records. Agent Mikula sent a copy of the summons to Masciantonio and his wife. Masciantonio subsequently filed in the District Court a petition to quash the summons. On January 11, 2013, the District Court issued an order

denying Masciantonio's petition to quash, and granting the Government's motion to enforce. Masciantonio appeals.[1]

The District Court had jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7609(h), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review questions of fact for clear error and questions of law de novo. See United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999).

Section 7602(a) of the Internal Revenue Code ("IRC") authorizes the IRS to issue a summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." To establish a prima facie case for the legality of a summons, the IRS must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the IRC have been followed. United States v. Powell, 379 U.S. 48, 57–58 (1964). Once the IRS has made its prima facie case, the taxpayer bears the burden of disproving any one of the four Powell elements or otherwise demonstrating that "enforcement of the summons will result in an abuse of the court's process." United States v. Rockwell Int'l, 897 F.2d 1255,1262 (3d Cir. 1990).

---

[1] The District Court entered a separate order that same day denying Masciantonio's request that sanctions be imposed upon the Government. Masciantonio also appeals from that order.

As he did below, Masciantonio argues that the summons was not issued in good faith because his tax returns were selected for audit by a field office based solely on his proximity to that office. We disagree.

A good faith inquiry satisfies the first prong of Powell--a legitimate investigative purpose. Rockwell, 897 F.2d at 1262 ("[T]he requirement of legitimate purpose means nothing more than that the government's summons must be issued in good faith pursuant to one of the powers granted under 26 U.S.C. § 7602.").

Here, Agent Mikula stated in a sworn declaration that she issued the summons to determine the correctness of Masciantonio's 2010 and 2011 tax returns and corresponding tax liabilities, which is a legitimate purpose under 28 U.S.C. § 7602(a). (See Dist. Ct. Dkt. #5, Exh. 2.) Further, Masciantonio indicated in his petition to quash that he had been informed by Agent Mikula that his tax return was selected through a computer-generated process. (Id. at Dkt. #1, p. 1.) Thus, we agree with the District Court's finding that that the summons was issued for a legitimate purpose in this case, and not in bad faith.[2]

---

[2] We further agree that under these circumstances, the District Court did not err in denying Masciantonio's request for an evidentiary hearing, and for discovery, before granting the motion to enforce. See United States v. Garden State Nat'l Bank, 607 F.2d 61, 71 (3d Cir. 1979) (determining no evidentiary hearing is required if "the taxpayer cannot refute the government's prima facie Powell showing or cannot factually support a proper affirmative defense.") Masciantonio's conclusory assertions did not provide any basis for an evidentiary hearing.

4

Masciantonio also argues that the IRS failed to provide him advance notice, as is required under 26 U.S.C. § 7602(c), that a third-party bank would be contacted. However, according to Agent Mikula's declaration, Masciantonio informed her at their meeting that he was unwilling to incur the expense of obtaining his banking records. In turn, she told Masciantonio that the records could be summoned at the Government's expense. Masciantonio then sent Agent Mikula a letter indicating that he would not pay to obtain the bank records. (See Dist. Ct. Dkt. #1, attached letter of September 3, 2012.) Thus, we agree with the District Court that the IRS gave Masciantonio "reasonable notice" under § 7602(c) that his records would be summoned.[3]

Finally, Masciantonio asserts that enforcing the summons would violate the protections granted by the Fourth and Fifth Amendments to the United States Constitution. However, the Supreme Court has already foreclosed these arguments when asserted to defeat enforcement of an administrative summons served on third-party record keepers. See United States v. Miller, 425 U.S. 435, 444 (1976); Fisher v. United States, 425 U.S. 391, 397 (1976).

---

[3] Masciantonio also argues that Agent Mikula incorrectly informed him that he had 30 days to respond to the third-party summons. See 28 U.S.C. § 7609(b)(2) (providing that a taxpayer may file a petition to quash in the district court within twenty days after the IRS has given notice of the service of the summons upon the third-party record keeper.) However, we agree with the Government that Masciantonio's claim is of no moment because the summons notice informed him of the 20-day time period and, in any event, he timely filed his petition to quash in the District Court.

As Masciantonio's appeal presents no substantial question, we will summarily affirm the District Court's order denying his petition to quash and granting the Government's motion to enforce, as well as its order denying Masciantonio's request for sanctions. See Third Cir. LAR 27.4; I.O.P. 10. Masciantonio's motion to vacate the Clerk's Order dated February 8, 2013 is dismissed as moot. Masciantonio's "Motion to Stay Pending Full Investigation of the Internal Revenue Service Practice of Target Audits of Persons and Groups" is denied.