**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1072
_____

ANTHONY A. MASCIANTONIO
doing business as THERMOALL REMODELING,
Appellant

v.

UNITED STATES OF AMERICA; FIRST COMMONWEALTH BANK;
DAVID MCKINZIE, IRS Special Agent
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Misc. Action No. 3-14-mc-00035)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2016
Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: April 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Masciantonio is the sole proprietor of Thermoall Remodeling. In July 2014, he filed in the District Court a petition to quash two Internal Revenue Service (IRS) summonses. The IRS had issued those summonses in connection with an investigation into Masciantonio's tax liabilities for his business.[1] Masciantonio also sought a protective order requesting that the Government be further prohibited from obtaining discovery related to his business.[2] The Government subsequently filed a motion for summary enforcement and denial of Masciantonio's petition to quash.

In a December 17, 2015 order, the District Court denied Masciantonio's petition to quash the summonses as well as the other relief that he sought. The order further granted the Government's motion for summary enforcement. Masciantonio appeals.

The District Court had jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7609(h), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review questions of fact for clear error and questions of law de novo. See United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999).

---

[1] The IRS issued one of the summonses to First Commonwealth Bank. The other was issued to Masciantonio and Thermoall Remodeling seeking business records for the period between January 2009 and December 2012.

[2] Masciantonio additionally requested that the District Court order an in camera review of a confidential report in the possession of the Treasury Inspector General for Tax Administration (TIGTA). Masciantonio contended that the TIGTA report contained exculpatory material and was subject to production based upon the Supreme Court's ruling in Brady v. Maryland, 373 U.S. 83 (1963).

Section 7602(a) of the Internal Revenue Code ("IRC") authorizes the IRS to issue a summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." 26 U.S.C. § 7602(a). To establish a prima facie case for the legality of a summons, the IRS must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the IRC have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). Once the IRS has made its prima facie case, the taxpayer bears the burden of disproving any one of the four Powell elements or otherwise demonstrating that "enforcement of the summons will result in an abuse of the court's process." United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990).

For the reasons identified by the District Court, we agree that the IRS has satisfied the Powell factors. Briefly, the IRS provided a sworn declaration from an Agent involved with Masciantonio's case which supports the conclusion that the summonses were issued for a legitimate purpose and that proper procedure was followed. Among other things, the Agent declared that the summonses had been issued to determine the correctness of Masciantonio's tax returns for the years 2009 thought 2012 in order to ascertain whether he had committed any offense under the Internal Revenue Code, which

3

is a legitimate purpose under 28 U.S.C. § 7602(a). Further, all administrative steps required for the issuance of the summons had been followed.

Masciantonio has not set forth any information suggesting that the IRS acted in bad faith or that it lacked the authority to issue either summons. Indeed, many of the arguments that he raised in support of his petition to quash (and on appeal here) were previously rejected by this Court in connection with Masciantonio's appeal of the denial of his petition to quash an earlier IRS summons. See Masciantonio v. United States, 528 F. App'x 120, 122 (3d Cir. 2013) (not precedential).[3]

Accordingly, we will affirm the judgment of the District Court. Masciantonio's motion to refund the filing fee for this appeal is denied. See Porter v. Dep't of the Treasury, 564 F.3d 176, 179 (3d Cir. 2009).

---

[3] The District Court also correctly denied Masciantonio's request for in camera review of the TIGTA report. The District Court correctly observed that with few exceptions Brady applies to criminal proceedings, see NLRB v. Nueva Eng'g, Inc., 761 F.2d 961, 969 (4th Cir. 1985), and that a summons enforcement proceeding is a civil proceeding. Here, the Government is not prosecuting Masciantonio. Rather, it is conducting an investigation to determine whether he has complied with applicable tax laws. The District Court also correctly denied Masciantonio's request for a protective order under Federal Rule of Civil Procedure 26(c) because he did not satisfy the criteria for obtaining such relief.