**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1603
_____

ANTHONY A. MASCIANTONIO,
d/b/a Thermoall Remodeling,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00203)
District Judge:  Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2020
Before:  MCKEE, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed October 11, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Anthony Masciantonio appeals from the District Court's order denying his motion for a default judgment and dismissing his complaint. For the reasons discussed below, we will affirm.

I.

In 2012, the United States began investigating Masciantonio's tax liabilities for his business. He unsuccessfully challenged the investigation several times. See, e.g., Masciantonio v. United States, 647 F. App'x 108, 109 (3d Cir. 2016) (per curiam) (non-precedential) (explaining that "Masciantonio has not set forth any information suggesting that the IRS acted in bad faith"). A grand jury returned an indictment against Masciantonio, but the indictment was dismissed in 2017 because the income amounts listed in the indictment were erroneous. The United States did not pursue further criminal charges, but the IRS issued Masciantonio a notice of deficiency for taxes and penalties in September 2019.

On November 25, 2019, Masciantonio filed a complaint in the District Court against the United States. He primarily alleged that he was maliciously prosecuted and that he had been defamed. On January 31, 2020, the United States filed a motion to dismiss the complaint. Masciantonio then filed a motion for a default judgment, arguing that the United States' response to the complaint was three days late.

The Magistrate Judge issued an order purporting to deny the motion for a default judgment and directing Masciantonio to respond to the Government's motion to dismiss.

After Masciantonio filed his response, the Magistrate Judge issued a Report and Recommendation ("R&R") which reviewed the history of the case, including the motion for a default judgment, and recommended that the motion to dismiss be granted. Although Masciantonio filed objections, he never argued that the Magistrate Judge had erred in determining that his motion for a default judgment should be denied. In an order entered March 12, 2020, after de novo review of the record, the District Court adopted the Magistrate Judge's recommendations and dismissed the complaint. This appeal ensued.

## II.

We are satisfied that we have jurisdiction over the appeal under 28 U.S.C. § 1291.[1] Masciantonio has waived any claims related to the District Court's dismissal of his complaint. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). His brief challenges only the denial of his motion for a default judgment. We review that ruling for abuse of discretion. See Chamberlain v. Giampapa,

---

[1] The Government's motion to dismiss the appeal for lack of jurisdiction is denied. Masciantonio properly appealed from the District Court's final order entered on March 12, 2020, as his notice of appeal was filed when it was received by the District Court on March 13, 2020. See Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 163 (3d Cir. 2015). In any event, even if the notice of appeal were defective, the document that Masciantonio filed on April 10, 2020, may be construed as a proper notice of appeal from the District Court's March 12, 2020 order. See Smith v. Barry, 502 U.S. 244, 245 (1992); see also Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 104 (3d Cir. 2017).

3

210 F.3d 154, 164 (3d Cir. 2000).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will affirm the District Court's denial of Maciantonio's motion for default judgment.[2]  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain, 210 F.3d at 164 (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  We do not favor entry of default or default judgments, preferring that cases be decided on their merits.  See $55,518.05 in U.S. Currency, 728 F.2d at 194–95.  Here, Masciantonio did not show any prejudice from the alleged delay or any culpable conduct by the United States.  Moreover, for substantially the reasons provided by the District Court in granting the motion to dismiss, Masciantonio did not establish any right to relief.  See Fed. R. Civ. P. 55(d) ("A default judgment may be

_____

[2]  Without the parties' consent, Magistrate Judges generally lack the authority to rule on case-dispositive matters and must make recommendations instead.  See 28 U.S.C. § 636(b)(1)(A); EEOC v. City of Long Branch, 866 F.3d 93, 98–99 (3d Cir. 2017).  We have not decided in a precedential opinion whether a motion for a default judgment falls within that category, but other Courts of Appeals have concluded that it does.  See, e.g., Callier v. Gray, 167 F.3d 977, 981 (6th Cir. 1999).  We need not decide the issue in this case because we construe the District Court's order adopting the R&R, following de novo review of the record, as adopting the Magistrate Judge's determination that the motion for a default judgment should be denied.  As Masciantonio's claims would fail under any standard of review, we need not determine the import of his failure to raise any specific objections regarding the motion for a default judgment.  See generally City of Long Branch, 866 F.3d at 99–100 (discussing when plain error review is warranted).

entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court").

Accordingly, we will affirm the judgment of the District Court.